IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02138-BNB

EDWIN MARK ACKERMAN,

    Applicant,

v.

WARDEN OF THE COLORADO STATE PENITENTIARY, Name Unknown,

    Respondent.

## ORDER TO FILE PRELIMINARY RESPONSE

Applicant, Edwin Mark Ackerman, is a prisoner in the custody of the Colorado Department of Corrections, who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Ackerman, acting *pro se*, initiated his action by filing a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Court reviewed the Motion and entered an order construing the action as more properly filed pursuant to 28 U.S.C. § 2241. On August 15, 2012, the Court instructed Mr. Ackerman to file his claims on a Court-approved form used in filing § 2241 actions and either to pay the $5.00 filing fee or to submit a request to proceed pursuant to 28 U.S.C. § 1915. Mr. Ackerman now has complied with the August 15 Order.

As part of the preliminary consideration of the Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. With respect to Claims

One through Seven, as listed on Pages Three through Six[1] of the Amended Application, state a claim, Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.  If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Preliminary Response.  Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.

As for Claim Eight, Mr. Ackerman appears to be challenging the validity of his conviction, which has been dealt with previous by this Court on several occasions and is successive.  The Court also notes that Mr. Ackerman raised similar claims in *Ackerman*

---

[1] The Court refers to page numbering as identified by the Court's Electronic Court Filing system.

3

*v. Ried, et al.*, No. 07-cv-00894-ZLW (D. Colo. June 27, 2007), which was dismissed for failure to exhaust state court remedies. Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Mr. Ackerman may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

Dated: September 14, 2012

BY THE COURT:
s/Boyd N. Boland
United States Magistrate Judge