IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02138-BNB

EDWIN MARK ACKERMAN,

    Applicant,

v.

WARDEN OF THE COLORADO STATE PENITENTIARY, Name Unknown,

    Respondent.

ORDER DISMISSING CASE

    Applicant, Edwin Mark Ackerman, a prisoner in the custody of the Colorado Department of Corrections (DOC), currently is incarcerated at the Colorado Penitentiary in Cañon City, Colorado.  Mr. Ackerman, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, in which he challenges his current incarceration at the DOC.

    On September 14, 2012, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After requesting two extensions of time to file the Preliminary Response, Respondent submitted a Response on November 14, 2012.  Mr. Ackerman filed a "Motion for Leave to Return to the State Courts to Exhaust Remidies [sic]" on November 28, 2012.

The Court must construe the Motion liberally because Mr. Ackerman is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In the Motion, Mr. Ackerman requests that he be allowed to return to state court to exhaust all remedies without prejudice.

Rule 41(a)(1)(A) provides that "the [applicant] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer on the merits or motion for summary judgment has been filed by Respondent in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, construes the Motion as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i).  The file will be closed as of November 28, 2012, the date the Notice was filed with the Court.  *See Hyde Constr. Co.*, 388 F.2d at 507.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Ackerman files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Motion for Leave to Return, ECF No. 19, is construed as a

Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of November 28, 2012, the date Mr. Ackerman filed the Notice in this action.  It is

FURTHER ORDERED that the dismissal is without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Ackerman has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this  30th  day of     November    , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court